IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID B. PERKINS and HATTERAS INVESTMENT PARTNERS, LP (F/K/A HATTERAS FUNDS, LP), | § § § § § | No. 172, 2026 |
| | § | Court Below—Court of Chancery |
| Defendants Below, | § | of the State of Delaware |
| Appellants, | § | |
| | § | C.A. No. 2024-1264 |
| v. | § | |
| | § | |
| YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF ROCHESTER AND MONROE COUNTY, | § § § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| HATTERAS MASTER FUND, L.P. and HATTERAS CORE ALTERNATIVES TEI INSTITUTIONAL FUND, L.P. | § § § § | |
| | § | |
| Nominal Defendants-Below | § | |

Submitted: May 5, 2026
Decided: July 7, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits attached thereto, it appears to the Court that:

(1)     This interlocutory appeal arises from the Court of Chancery's denial of a motion to dismiss a double-derivative action under Court of Chancery Rule 23.1. The Young Women's Christian Association of Rochester and Monroe County (the "YWCA") is an investor in a feeder fund, Hatteras Core Alternatives TEI Institutional Fund, L.P. (the "TEI Institutional Feeder Fund"). The TEI Institutional Feeder Fund, a Delaware limited partnership, is one of four feeder funds that raise capital to invest in Hatteras Master Fund, L.P. (the "Hatteras Master Fund"), a Delaware limited partnership. Under a diversification policy, the Hatteras Master Fund cannot invest more than 25% of its assets in the securities of one issuer without supermajority unitholder approval.

(2)     The Hatteras Master Fund and each feeder fund have the same board of directors (the "Board" or "Directors") and substantially identical limited partnership agreements. An affiliate of Hatteras Investment Partners, LP, formerly known as Hatteras Funds, LP, (the "Hatteras Investment Manager") serves as the general partner of each fund, delegating its managerial authority to the Board. David B. Perkins owns a majority of the Hatteras Investment Manager's equity and serves as its President and CEO. The limited partnership agreements provide that the directors owe the same fiduciary duties as directors of a Delaware corporation and preserve their liability for gross negligence.

(3)     After the Hatteras Master Fund's assets under management fell by half, the Hatteras Investment Manager decided to wind down the Hatteras Master Fund and

2

start a new fund. In a transaction approved by the Board, the Hatteras Master Fund sold all of its assets to a start-up advisory firm (the "Buyer") in exchange for preferred units in the Buyer. The Board did not seek unitholder approval of the sale or departure from the diversification policy. Eighteen months after the sale, the Buyer completed a de-SPAC transaction that converted the preferred units into publicly traded common stock valued at $8 per share. The stock price dropped to pennies after the Buyer wrote off most of its good will.

(4) The YWCA filed a double-derivative action asserting claims that arose from the asset sale. The defendants moved to dismiss under Court of Chancery Rule 23.1. They argued that: (i) the YWCA lacked standing to assert double-derivative claims because the TEI Institutional Feeder Fund held less than a majority interest in the Hatteras Master Fund; and (ii) the YWCA failed to plead demand futility because the outside Directors constituted a supermajority of the Board and could properly consider a demand.

(5) The Court of Chancery denied the motion to dismiss ("Rule 23.1 Opinion").[1] The court rejected the defendants' argument that the YWCA could not assert double-derivative claims because the TEI Institutional Feeder Fund only held a 48% interest in the Hatteras Master Fund. The court held that there were two ways,

---

[1] *Young Women's Christian Assoc. of Rochester & Monroe Cnty. v. Hatteras Funds, LP,* 2026 WL 874818 (Del. Ch. Mar. 31, 2026).

neither of which required majority ownership, to plead double-derivative standing: (i) pleading demand futility at both the first-tier entity level and the second-tier entity level; or (ii) pleading demand futility at the first-tier entity level when the first-tier entity controls the second-tier entity. Finding that a majority of the Directors faced a substantial risk of liability on the YWCA's claims, the court concluded that the YWCA had pleaded demand futility as to both the Board of the TEI Institutional Feeder Fund and the Hatteras Master Fund.

(6)     The Hatteras Investment Manager and Perkins (the "Movants") applied for interlocutory certification of the Rule 23.1 Opinion. The Movants argued that the Rule 23.1 Opinion decided a substantial issue of material importance—a threshold inquiry under Rule 42—because it determined that an investor of a parent entity can sue on behalf of the parent's subsidiary even when the parent does not own or control the subsidiary. The Movants identified another substantial issue as whether a plaintiff in a double-derivative action on behalf of a less-than-wholly-owned subsidiary is only required to plead demand futility at one level as the Movants claimed the Court of Chancery had done. As to the Rule 42(b)(iii) criteria, the Movants argued that factors A (question of law resolved for the first time), B (conflicting trial court decisions), D (the interlocutory ruling as sustained the controverted jurisdiction of the trial court), G (review may terminate the litigation), and H (review may serve considerations of justice) weighed in favor of granting the application for certification.

4

(7) In its opposition to the application, the YWCA asserted that the substantial-issue requirement of Rule 42 was unmet because the court did not rule on the merits of the YWCA's claims. The YWCA also disputed the Movants' contention that the Rule 42(b)(iii) criteria weighed in favor of certification. As to Factor A, the YWCA contended that the Rule 23.1 Opinion was based on well-settled principles of derivative litigation and did not resolve a question of law for the first time. The YWCA also challenged the Movants' characterization of the Rule 23.1 Opinion as holding that a plaintiff is not required to show demand futility at the parent and subsidiary levels. In fact, the court only conducted the demand futility analysis once because the same directors served on the TEI Institutional Feeder Fund and the Hatteras Master Fund boards. The YWCA further contended that there were no conflicting trial court decisions, the Court of Chancery's jurisdiction was not controverted, interlocutory review was more likely to result in remand than termination of the litigation, and interlocutory review would not serve considerations of justice.

(8) The Court of Chancery denied the Movants' application. The court found that the Rule 23.1 Opinion was based on well-settled principles of double-derivative standing and did not present a substantial issue of material importance. The court also rejected the Movants' characterization of the Rule 23.1 Opinion as casting doubt on whether a plaintiff must plead demand futility at the parent and subsidiary levels.

5

Finally, the court concluded that none of the Rule 42 factors weighed in favor of certification.

(9)     Applications for interlocutory review are addressed to the sound discretion of the Court.[2] In the exercise of our discretion and giving due weight to the Court of Chancery's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42. Exceptional circumstances that would merit interlocutory review do not exist,[3] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[4]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Supr. Ct. R. 42(d)(v).

[3] *Id.* 42(b)(ii).

[4] *Id.* 42(b)(iii).